# Exhibit A

8/4/2021 6:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56017257
By: Joshua Hall
Filed: 8/4/2021 6:47 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JOYCE ROSE | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KOHL'S, | § | |
|     Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOYCE ROSE ("ROSE"), Plaintiff, and complains of KOHL'S ("KOHL'S"), Defendant, and for cause would respectfully show unto this Court as follows:

### I.
### Discovery Control Plan

1.      Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### The Parties

2.      Plaintiff, JOYCE ROSE, is a natural person residing in Harris County, Texas.

3.      Defendant, KOHL'S ("KOHL'S"), is conducting business in Texas and may be served with process by serving its registered agent for service of process through Corporate Creations Network Inc. at 5444 Westheimer #1000, Houston, TX 77056.

### III.
### Request Pursuant to Rule 28 for Substitution of True Name

4.      To the extent that KOHL'S is conducting business pursuant to a trade name or assumed name, then suit is brought against KOHL'S pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and JOYCE ROSE  hereby demands upon answer to this suit, that KOHL'S answer in its correct legal and assumed names.

-1-

## IV.
## Jurisdiction and Venue

5.      This Court has jurisdiction over the parties and subject matter of this cause, and has jurisdiction to grant all relief requested by Plaintiff.

6.      The amount in controversy is within the jurisdictional limits of this Court.

7.      Venue of this action is proper in Galveston County, Texas under, *inter alia*, Sections   15.002(a)(1) and (4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Specifically, this suit is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County.

## V.
## Nature of the Case

8.      On February 21, 2021, Plaintiff was entering the KOHL'S store located at 22529 Tomball Parkway in Houston, Texas.  As a result of uneven concrete, Plaintiff tripped, landed forcefully on the ground and sustained severe and extensive injuries to her body (the "Fall").

## VI.
## Causes of Action

A.      **KOHL'S *Premises Liability***

9.      ROSE incorporates by reference the statements made in the above paragraphs as if fully set out herein.

10.     There can be no question that ROSE is an innocent victim in this case.  At the time of the Fall, ROSE was an invitee of KOHL'S because she was a customer at KOHL'S. Because the subject store was open to the public, KOHL'S extended an invitation to ROSE to shop at KOHL'S for the mutual benefit of both parties.  Consequently, KOHL'S,

by and through its employee/agents owed ROSE the duty to inspect the premises and maintain them in a reasonably safe manner.

11.     KOHL'S was the owner and/or operator of the subject store at the time of the Fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred. Such negligence was the proximate cause of ROSE's damages.

12.     The condensation left on the premises of KOHL'S store posed an unreasonable risk of harm because individuals walking through the parking lot may slip/trip and fall through no fault of their own and severely injure themselves.

13.     KOHL'S, by and through its employee/agents knew or should have known of the dangerous condition of the premises of KOHL'S store numerous reasons including, but not limited to:

> a.     Customers notified KOHL'S of the dangerous condition at the subjec store or other KOHL'S stores of similar design and construction around the country;
>
> b.     KOHL'S agents, servants, or employees actually witnessed accidents caused by the dangerous condition at the subject store or other KOHL'S stores of similar design and construction around the country;
>
> c.     KOHL'S agents, servants, or employees actually caused the dangerous condition at the subject store or other KOHL'S stores of similar design and construction around the country;
>
> d.     KOHL'S agents, servants, or employees were involved in the design and construction of the dangerous condition at the subject store or other KOHL'S stores of similar design and construction around the country;
>
> e.     KOHL'S agents, servants, or employees actually took precautionary measures regarding the dangerous

condition at the subject store or other KOHL'S stores of similar design and construction around the country;

f.   KOHL'S agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the subject store or other KOHL'S stores of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

g.   The dangerous condition existed long enough at the subject store or other KOHL'S stores of similar design and construction around the country that KOHL'S did or should have discovered it upon reasonable inspection.

14.   KOHL'S breached its duty of care by both failing to make the dangerous condition reasonably safe and/or failing to adequately warn  ROSE of the dangerous condition at the subject store. Each of these acts or omissions, taken alone or collectively, amount to premises liability by KOHL'S and  ROSE sustained damages as a proximate result of KOHL'S's conduct.  Accordingly, KOHL'S is liable to  ROSE as a result of its premises liability.

**B.   *KOHL'S Negligence***

15.   ROSE incorporates by reference the statements made in the above paragraphs as if fully set out herein.

16.   At the time of the Fall,  ROSE was an invitee at KOHL'S and, as such, KOHL'S had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

17.   KOHL'S, by and through its employee/agents breached its duty of care by failing to reasonably inspect, or ensure the reasonable inspection of, the property for any dangerous conditions and by failing to make the dangerous condition reasonably safe

-4-

and/or failing to adequately warn  ROSE of the dangerous condition at the subject store. Each of these acts or omissions, taken alone or collectively, amount to negligence by KOHL'S and  ROSE sustained damages as a proximate result of KOHL'S's conduct. Accordingly, KOHL'S is liable to  ROSE as a result of its negligence.

### C.   *KOHL'S's Malicious & Grossly Negligent Conduct*

18.    ROSE incorporates by reference the statements made in the above paragraphs as if fully set out herein.

19.    KOHL'S acted with malice, as that term is defined by Civil Practice & Remedies Code §41.001(7).  Specifically, KOHL'S, by and through its employee/agents failed to reasonably inspect, or ensure that others reasonably inspected, the premises of the subject store to determine if the premises were safe and acted with total disregard for the circumstances existing at the time.  In the alternative, KOHL'S, by and through its employee/agents failed to make the dangerous condition on its premises reasonably safe and/or failed to adequately warn its invitees of same and acted with total disregard for the circumstances existing at the time.

20.    When viewed from the perspective of KOHL'S at the time of the acts or omissions, the acts or omissions of KOHL'S involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Moreover, KOHL'S had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  Consequently, KOHL'S is liable to  ROSE for exemplary damages.

-5-

## VII.
## Damages

### A.    *General Damages of JOYCE ROSE*

21.    At the time of the accident made the basis of this suit, Plaintiff, JOYCE

ROSE, was 77 years of age.

22.    As a direct and proximate result of Defendant's negligence, Plaintiff, JOYCE

ROSE, has sustained mental and physical pain and suffering, mental anguish, physical

impairment, lost wages in the past, and loss of earning capacity in the future, all of which

are in reasonable probability permanent.

23.    From the date of the accident in question until the time of trial of this case, the

elements of damages to be considered separately and individually for the purpose of

determining the sum of money that will fairly and reasonably compensate Plaintiff, JOYCE

ROSE, for each element are as follows:

> a.    The physical pain that JOYCE ROSE has suffered from the date of the accident in question up to the time of trial.
>
> b.    The mental anguish that JOYCE ROSE has suffered from the date of the accident in question up to the time of trial.
>
> c.    The damages resulting from the physical impairment suffered by JOYCE ROSE and the resulting inability to do those tasks and services that she ordinarily would have been able to perform.
>
> d.    The loss of any earnings sustained by JOYCE ROSE from the date of the incident in question up to the time of trial.
>
> e.    The disfigurement which Plaintiff has suffered from the date of the incident in question up to the time of trial.

24.    From the time of trial of this case, the elements of damages to be considered which Plaintiff, JOYCE ROSE, will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

      a.    The physical pain that JOYCE ROSE will suffer in the future beyond the time of trial.

      b.    The mental anguish that JOYCE ROSE will suffer in the future beyond the time of trial.

      c.    The damages resulting from the physical impairment that JOYCE ROSE will continue to suffer in the future and the resulting inability to do those tasks and services that she ordinarily would have been able to perform in the future beyond the time of trial.

      d.    The loss or reduction in Plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the incident in question.

      e.    The disfigurement which Plaintiff will suffer in the future beyond the time of trial.

25.    Because of all of the above and foregoing, Plaintiff, JOYCE ROSE, has been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

**B.    *Medical Damages of JOYCE ROSE***

26.    Further, as a direct and proximate result of Defendant's negligence, it was necessary for your Plaintiff, JOYCE ROSE, to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that he will require additional medical, hospital and drug services in the future beyond this date.  Plaintiff, JOYCE ROSE,  here now sues  for an additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services.

## C.    *Gross Negligence/Malice*

27.    The actions of the Defendant was so heedless and showed such a reckless disregard for the right of others affected by them, and particularly in this instance, as to constitute gross negligence and malice as defined by law.  Such heedless and reckless disregard is more than momentary thoughtlessness, inadvertence or error in judgment. The acts and/or omissions of said Defendant as specifically complained of herein were the result of conscious indifference to the rights, welfare, and/or safety to your Plaintiff. Accordingly, because of such gross negligence and malice, Plaintiff further sues for exemplary and punitive damages in an amount within the jurisdictional limits of the Court.

## D.    *Prejudgment Interest*

28.    In addition to the above and foregoing allegations, Plaintiff further pleads that he is entitled to prejudgment interest at the highest rate allowed by law.

## VIII.
## Conditions Precedent

29.    All conditions precedent have occurred, have been performed, have been waived or have otherwise been excused.

## IX.
## Miscellaneous

30.    ROSE respectfully reserves the right to amend and plead further as necessary and as additional facts are uncovered.

## X.
## T.R.C.P. 47(c)

31.    Pursuant to T.R.C.P. 47(c), Plaintiff herenow seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

## XI.
## RULE 193.7 NOTICE

32.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIII.
## Prayer

WHEREFORE PREMISES CONSIDERED, JOYCE ROSE asks that Defendants be cited to appear and answer, and on final trial, that Defendant be held liable and judgment be rendered for Plaintiff, JOYCE ROSE as follows:

(a)     All actual, consequential, and special damages;

(b)     Pre-judgment interest as provided by law;

©      Punitive damages as provided by law;

(d)     Post-judgment interest;

(e)     Costs of Court; and,

(f)     Such other and further relief, both general and special, legal and equitable, to which JOYCE ROSE may show herself justly entitled.

Respectfully submitted,

**THE TODD LAW GROUP, PLLC**


By: /s/ *Jeffrey N. Todd*

**Jeffrey N. Todd**
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
Telephone:  (832) 243-4953
Telecopier:  (713) 583-7818
jeff@jefftoddlaw.com

**ATTORNEYS FOR PLAINTIFF**